UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AKKIMA DANNIELLE BRISCOE,

    Plaintiff,

                                Case No.  2:22-mc-00007-JES-NPM

**ORDER**

Upon review of the initial pro se filing in this matter, the court finds that the clerk should not have accepted any of the papers as a foreign judgment to be registered with this court and that a miscellaneous action for judgment-enforcement proceedings should not have been opened. Rather, this matter should have been opened as a civil action subject to the payment of a $402 filing fee or an order granting IFP status after 28 U.S.C. § 1915 review. The clerk is therefore DIRECTED to terminate all motions and scheduled events in this matter, close the miscellaneous file, convert it to a civil action, and assess plaintiff $353 for the deficiency in the required filing fee (the plaintiff erroneously paid a $49 filing fee when this matter was opened). In the civil action, plaintiff Briscoe's papers shall be docketed as a pleading rather than as a motion, and all future filings related to this matter must be filed in the civil action.

By May 9, 2022, plaintiff shall either pay the remaining $353 balance or file a motion to proceed without prepaying fees or costs (AO Form 239). A failure to timely pay the balance of the filing fee or seek permission to proceed without paying it will result in the dismissal of this action.

However, plaintiff Briscoe is WARNED that this action appears to be subject to dismissal as frivolous. Plaintiff's "filings here are replete with legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *Sealey v. Branch Banking and Tr. Co.*, No. 2:17cv785-MHT-SMD, 2019 WL 1434065, *2 (M.D. Ala. Feb. 21, 2019); *see also Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, n.1 (N.D. Fla. Mar. 12, 2018) (while plaintiff did not expressly identify as a sovereign citizen, his filing bore the hallmarks of a sovereign citizen theory). And courts routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented.")); *see also Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, *2 (S.D. Ga. Feb. 27, 2019), *report and recommendation adopted*, No. CV418-296, 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019) ("sovereign citizen claptrap has been rejected over and over").

**ORDERED** on April 25, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE