UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AKKIMA DANNIELLE BRISCOE,

    Plaintiff,

v.                                      Case No.:  2:22-cv-267-SPC-MRM

PENNYMAC SERVICES, LLC,
HAROLD SMITH, and SHARON
SMITH,

    Defendants.
_____/

# OPINION AND ORDER[1]

Plaintiff, proceeding pro se, instituted this suit by filing a handwritten document titled "special priority, equity does what ought to have been done, writ of assistance, urgent, priority." (Doc. 1). It seems Plaintiff is complaining about trespass after her home was foreclosed on and requests a "writ of assistance possession." (Doc. 1). After the Magistrate Judge warned Plaintiff that the action appeared to be subject to dismissal as frivolous based on sovereign citizen legal theories (Doc. 2), Plaintiff requested that the Clerk of Court be appointed as trustee and issue a replevin for return of her property

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

(Doc. 7); she filed a "notice of trust" based on the principal magnified in the 1611 King James Bible at Psalms 98:9, which is preserved by the 97th Congress at Public Law 97-280, signed as "beneficial owner" (Doc. 11); and filed an "affidavit of knowledge of fact" (Doc. 12). Plaintiff has also moved to proceed in forma pauperis. (Doc. 15).

Under 28 U.S.C. § 1915(a), the Court may authorize a civil suit to proceed without requiring a plaintiff to prepay the filing fee, but it must also dismiss a case if at any time it determines that the action is frivolous. *See* § 1915(e)(2). An action is frivolous if the allegations are baseless, fanciful, fantastic, delusional, or "without argument or merit in either law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (internal quotations omitted). Frivolity likely fits the bill here, but before the Court can even reach that finding, it must ensure it has subject matter jurisdiction. And the Court finds it has no subject matter jurisdiction to hear this action and afford the relief that Plaintiff requests.

Federal courts must ensure such jurisdiction sua sponte when (as here) it is lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Mostly, a federal court has original jurisdiction over two types of cases—federal question (28 U.S.C. § 1331) and diversity (28 U.S.C. § 1332). The burden to establish jurisdiction falls on the party asserting it, who is Plaintiff here. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court decides it

has no jurisdiction, it "must dismiss the compliant in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

There is no federal question. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law"). To be sure, the Court must liberally construe the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet it cannot act as counsel for Plaintiff. *E.g.*, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And from even the most liberal construction, there is no federal or constitutional question to divine from Plaintiff's paper. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

With federal question out, the Court turns to whether there is diversity jurisdiction. For this type of subject matter jurisdiction, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Here, Plaintiff has satisfied neither requirement because she has pled no party's citizenship and states no amount in controversy.

Because the Court cannot conclude it has jurisdiction, it dismisses this action without prejudice. Plaintiff may file an amended complaint that adequately pleads subject matter jurisdiction. *See* 28 U.S.C § 1653.

Besides the jurisdictional problems, Plaintiff also has a procedural one. Plaintiff's paper is in the form of a letter, which is improper. Local Rule 3.01(j) ("A party must not use a letter, email, or the like to request relief."). Every civil action starts with a complaint that identifies the Court's subject matter jurisdiction, short statement of the claim(s), demand for relief, signature block, attachments (if needed), civil cover sheet, and summons. So if Plaintiff intends to proceed pro se (or without a lawyer), she should review the Court's Guide to Proceeding Without a Lawyer, which is available on the Court's website,[2] for information on litigating in federal court.

Accordingly, it is now **ORDERED:**

1. Akkima Dannielle Briscoe's pro se paper (Doc. 1) seeking a permanent injunction is **DENIED without prejudice** for lack of subject matter jurisdiction.

2. Briscoe may file an amended complaint by **May 24, 2022**. **Failure to do so will result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 10, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] https://www.flmd.uscourts.gov/litigants-without-lawyers